UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT H. WILLIAMS                                                  CIVIL ACTION NO.

VERSUS                                                                         20-139-SDD-EWD

AMERICAN COMMERICAL LINES, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
.　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT H. WILLIAMS                                                                       CIVIL ACTION NO.

VERSUS                                                                                              20-139-SDD-EWD

AMERICAN COMMERICAL LINES, INC., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

As the Court lacks jurisdiction to entertain this case, it is recommended that the Complaint in this matter, filed by Robert H. Williams ("Plaintiff"), who is representing himself, be dismissed without prejudice on the Court's own motion, or, alternatively, that the Motions to Dismiss or for a More Definite Statement, filed by certain defendants,[1] be granted. It is further recommended that Plaintiff be given leave to amend.

### I.    Plaintiff's Claims

This suit involves claims by Plaintiff against fifteen entities and two individuals for alleged racketeering activities.[2] There are citations to various statutes throughout the Complaint, including allegations of violations of Title 18, United States Code §§1962 (a-c) (prohibited activities under Racketeer Influenced Corrupt Organizations ("RICO");[3] 1503(a) (obstruction of justice by influencing or injuring officer or juror);[4] 1513(e) (obstruction of justice by retaliating against a witness, victim or an informant);[5] 1001 (making false statements or entries in a matter within the

---

[1] *See*, R. Docs. 12, 18 & 22 (collectively, the "Motions to Dismiss or for a More Definite Statement").
[2] Named as defendants are the following: American Commercial Lines, Inc.; Platinum Equity, LLC; Platinum Equity Advisors, LLC; Gordon S. LeBlanc, Jr.; Hermann Moyse, III; ACBL Transportation Services, LLC; ACL Transportation Services, LLC; ACL I Corporation; Commercial Barge Line Company; American Commercial Barge Line, LLC; American Commercial Lines International LLC; ACBL OLDCO, LLC; ACBL River Operations LLC; ACL Professional Services Inc.; Commercial Barge Line Holdings, LLC; American Commercial Barge Line Holding Corp.; and American Commercial Barge Line Company (collectively, "Defendants").
[3] R. Doc. 1, ¶¶ 2, 4, 17, 18 & 21.
[4] R. Doc. 1, ¶ 13.
[5] R. Doc. 1, ¶ 15.

jurisdiction of the federal government); 1505 (obstruction of proceedings before a department or agency of the United States); 1343 (wire fraud); 1512 (tampering with a witness, victim or informant in an official proceeding).[6] Essentially, Plaintiff alleges that Defendants engaged in a conspiracy that "threatened" and injured Plaintiff's personal and business interests and reputation.[7] While it is not clear from the recitations in the Complaint (or the documents attached thereto) the exact nature of Plaintiff's claims, Exhibit 7 to the Complaint is a Lease Agreement, that states it was entered into on April 1, 2016, between ACBL Transportation Services LLC, as lessee, and many other individuals, including Plaintiff, who is listed as a 1/225ths owner and lessor of property bordering the Mississippi River.[8] Plaintiff asks, in part, that this Court declare the Lease Agreement to be "bogus, fraudulent, illicit, illegal and void ab initio." Plaintiff does not explain how the Lease Agreement is void (or voidable), other than to say it is "obviously, on its face, obviously incomplete and void and fraudulent, as a matter of law …."[9]

---

[6] R. Doc. 1, ¶ 16.
[7] R. Doc. 1, ¶ 17.
[8] R. Doc. 1-2, pp. 8-46. In addition to the Lease, Plaintiff attached several emails to the Complaint purportedly between himself and representatives of some Defendants. *Id*. at 1-2, pp. 1-7, 47-69. While "[a] written instrument attached to a pleading as an exhibit is part of the pleading for all purposes" under Fed. R. Civ. P. 10(c), the attached emails do not appear to be written instruments. "A written instrument within the meaning of Rule 10(c) 'is a document evidencing legal rights or duties giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy of security agreement.'" *Rivera v. Robinson*, No. 18-14005, 2019 WL 13265888, at *3-4 (E.D. La. Mar. 22, 2019) (citations omitted). Thus, the emails attached to Plaintiff's Complaint do not form "part of the pleading" and cannot be used by Plaintiff to provide the "short and plain statement" of his claims showing that he is entitled to the relief he requests, as required by Rule 8. Further, neither the Court nor Defendants should be required to sift through the exhibits, which are vaguely referenced in the Complaint, to "decipher the scope of the allegations under each [of Plaintiff's] claims." *See, e.g., U.S. v. Erie County, NY*, 724 F. Supp. 2d 357 (W.D.N.Y 2010) (noting that the attachments to plaintiff's complaint made it "unnecessarily difficult for [d]efendants to decipher the scope of the allegations underlying each claim."); *U.S. ex. rel. Garst v. Lockheed-Martin Corp*., 328 F.3d 374, 378 (7th Cir. 2003) (noting that Rule 8(a) is violated where a complaint and its attachments are "so long, so disorganized, so laden with cross-references and baffling acronyms, that they could not alert either the district judge or the defendants to the principal contested matters."); *Hall v. Civil Air Patrol*, 193 Fed.Appx. 298, 299-300 (5th Cir. 2006) (per curiam) (quoting *Garst* for the "aptly stated" proposition that "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation…should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim."). Nonetheless, the undersigned considered all documents attached to Plaintiff's Complaint, and they do not change the analysis that follows.
[9] R. Doc. 1 ¶ 16. The Lease Agreement has a page for execution by Plaintiff but is not signed. R. Doc. 1-2, p. 29.

## II.   Law and Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute … which is not to be expanded by judicial decree .... It is to be presumed that a cause lies outside this limited jurisdiction … and the burden of establishing the contrary rests upon the party asserting jurisdiction."[10]

As an initial matter, Plaintiff has not established this Court's subject matter jurisdiction based on either diversity jurisdiction or federal question.  As to diversity jurisdiction, Plaintiff adequately pleads that he is a citizen of Texas[11] and that the individual defendants, Gordon S. LeBlanc, Jr. and Hermann Moyse, III, are citizens of Louisiana.[12]  For the corporate defendants, Plaintiff does not adequately allege principal place of business and place of incorporation as to each corporation defendant,[13] nor does he adequately identify, and allege the citizenship of, each member of the limited liability company defendants.[14]

As to federal question, Plaintiff alleges violations of federal criminal statutes and violations of RICO, 18 U.S.C. § 1961, *et seq*.  A plaintiff does not generally have a private cause of action under a federal criminal statute.[15] To the extent Plaintiff believes Defendants have committed federal crimes within the Middle District of Louisiana, the United States Attorney for the Middle District of Louisiana is the chief federal law enforcement officer for the district and is responsible

---

[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike federal courts, state district courts are courts of general jurisdiction and may, therefore, hear all types of claims.
[10] R. Doc. 1, ¶ 5.
[11] R. Doc. 1, ¶ 5.
[12] R. Doc. 1, ¶ 6.
[13] 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[14] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008).
[15] *Gill v. State of Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute….Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous.")(citations omitted).

for enforcing federal criminal laws.  Conversely, there is a private cause of action for a violation of RICO[16] and an adequately stated RICO claim can establish federal question jurisdiction.[17]  Here, however, Plaintiff has not adequately alleged a RICO claim.

18 U.S.C. § 1964 provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of" RICO's substantive provisions.  § 1962 enumerates substantive violations.  To recover under § 1964(c), a plaintiff must prove not only all elements of a substantive RICO violation but also that "he has been injured in his business or property by the conduct constituting the violation," and "must also demonstrate that the substantive violation proximately caused his injury."[18]  "A plaintiff must allege specific facts concerning (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[19]  While Plaintiff vaguely references that Defendants engaged in conduct that rises to the level of a substantive RICO violation, and that this conduct caused him injuries, it is not sufficient to simply state the elements of a cause of action.[20]  Plaintiff has not articulated any specific facts to support the elements of a RICO violation or to explain how Defendants' conduct caused his injuries.[21]

---

[16] *United States v. Vasquez*, 899 F.3d 363, 374 (5th Cir. 2018), *as revise*d (Aug. 24, 2018), *cert. denied*, 139 S. Ct. 1543 (2019) ("RICO is a hybrid statute authorizing criminal prosecution, 18 U.S.C. § 1963, civil enforcement, *id.* § 1964(b), and private civil actions, *id.* § 1964(c), for violations of its uniform set of prohibited activities, *id.* § 1962.).
[17] *See, South Technical Diesel, Inc. v. Volvo Group North American, LLC,* 2011 WL 8300330, at *2 (S.D. Tex. March 3, 2011) ("Because the petition clearly asserts a claim under RICO, the Court finds that, pursuant to 28 U.S.C. § 1331, Plaintiff's suit falls within this Court's original jurisdiction, and removal of this case is proper under 28 U.S.C. § 1441."); *Inge v. Walker*, 2016 WL 4920288, at * 3 (N.D. Tex. Sept. 15, 2016) ("Plaintiff's RICO claim gives this Court original jurisdiction.").
[18] *Alexander v. Glob. Tel Link Corp*., No. 19-60287, 2020 WL 3041323, at *3 (5th Cir. June 5, 2020).
[19] *Robinson v. Standard Mortg. Corp*., 191 F. Supp. 3d 630, 638 (E.D. La. 2016) (*citing Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also Elliott v. Foufa*s, 867 F.2d 877, 880 (5th Cir.1989) (finding that each of RICO's essential elements "is a term of art which carries its own inherent requirements of particularity").)
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'").
[21] For example, Plaintiff alleges in conclusory fashion that Defendants collectively violated § 1512 (tampering with a witness, victim, or an informant). R. Doc. 1, ¶ 16 ("Through a pattern of racketeering activity that, inter alia, involved acts of wire fraud…and obstruction of justice in violation of Title 18 U.S.C. §§ 1503, 1512, and 1513…"). To allege a substantive violation under § 1512, Plaintiff must allege that one or more of the Defendants "kill[ed] or attempt[ed] to kill another person with intent to - - (A) prevent the attendance or testimony of any person in an official proceeding; (B) prevent the production of a record, document, or other object, in an official proceeding; or (C) prevent the

In a case where a plaintiff has utterly failed to allege facts to support a claim that would give rise to federal jurisdiction, this Court is without jurisdiction to decide the case and must dismiss it.[22] As currently pled, Plaintiff's claims are obviously without merit. What is not possible to tell is whether Plaintiff could adequately allege a RICO claim. Plaintiff should be given the opportunity to amend his Complaint to state that claim, if possible.[23]

Additionally, because the pending Motions to Dismiss or for a More Definite Statement[24] raise many of the same issues regarding pleading deficiencies addressed in this Report (and other deficiencies),[25] granting these motions would be an alternative basis to arrive at the same

---

communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings[.]" The Complaint contains no such allegations. To the extent Plaintiff has attempted to plead the elements of each substantive violation of RICO that he claims Defendants engaged in, such attempts are woefully inadequate under Fed. R. Civ. P. 8 and 10. Further, Plaintiff's Complaint is replete with nondescript allegations of "fraud." *See, e.g.,* R. Doc. 1, ¶ 4 (requesting that Defendants be dissolved or reorganized to "prevent or restrain Defendants from committing fraud," ¶ 16 (explaining that Defendants "created, partially notarized, circulated and supplied a fraudulent document," and explaining Plaintiff's "efforts to reverse and correct Defendants' many frauds."). To the extent Plaintiff is making a claim for fraud, such claim must be plead with specificity under Fed. R. Civ. P. 9. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *City of Alexandria v. Cleco Corp.*, No. 05-1121, 2010 WL 545932, at *2 (W.D. La. Feb. 12, 2020) *citing U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003).

[22] *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1005 (5th Cir. 2019) *citing Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 344 (5th Cir. 1977) ("We hold that the district court was without power to entertain this federal question case otherwise within its jurisdiction because the claim asserted is 'so attenuated and unsubstantial as to be absolutely devoid of merit'. *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904). Lacking jurisdiction, the district court should have dismissed the action. Fed.R.Civ.P. 12(h)(3).").

[23] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (*citing O'Brian v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)) ("Leave to amend should be denied if 'the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.'").

[24] *See*, R. Docs. 12, 18 & 22.

[25] *See, e.g.*, R. Doc. 18-1, p. 4 ("Significantly, [Plaintiff] makes no specific factual allegation of what any defendant did or did not do to cause them to be named in this RICO lawsuit."). Defendants are correct, as Plaintiff's Complaint appears to be an improper "shotgun pleading." Among other things, a "shotgun pleading" groups all defendants together and alleges that all defendants engaged in every alleged wrongful act listed in the complaint. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all defendants could not have participated in every act complained of."); *Martin v. Tesoro Corp.*, No. 11-1413, 2012 WL 1866841, at *2 (W.D. La. May 21, 2012) (explaining that an improper "shotgun pleading" that "references all defendants collectively" makes it "impossible for the court and the parties to determine which defendant is alleged to have engaged in which acts." (citations omitted)); *Moore v. Mississippi Gaming Commission*, No. 15-13, 2015 WL 13019615, at * (N.D. Miss. Nov. 2, 2015) (explaining that shotgun pleadings "run afoul of Rule 8," and that "quintessential" shotgun pleadings "fail to distinguish the actions of named defendants." (citations omitted)); *In re CLK Energy Partners, LLC*, No. 09-50616, 2010 WL 1930065, at *7 (W.D. La. Bankr. May

5

conclusion. Plaintiff's Complaint should be dismissed with prejudice, but Plaintiff should be given an opportunity to amend his Complaint to state a claim.[26]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that this Complaint be **DISMISSED WITHOUT PREJUDICE,** for lack of subject matter jurisdiction on the Court's own motion, or, alternatively, that the Motions to Dismiss or for a More Definite Statement,[27] filed by certain defendants, be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given leave to amend his Complaint to attempt to state a claim.

**IT IS FURTHER RECOMMENDED** that any remaining pending motions[28] be **DENIED** without prejudice to reurging, if necessary.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

									_____
									**ERIN WILDER-DOOMES**
									**UNITED STATES MAGISTRATE JUDGE**

---

12, 2010) ("A complaint cannot group all defendants into 'one wrongdoing monolith.'"). The Eleventh Circuit has explained the dangers of shotgun pleadings as follows: (1) they unnecessarily broaden the scope of discovery; (2) they waste judicial resources, lessening the time available for the court to hear and dispose of other cases; (3) they make it more difficult for appellate courts to understand the record on appeal; and (4) they undermine the public's respect for the legal system by making case resolution less efficient. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 5505 U.S. 544 (2007).
[26]Additionally, while the undersigned agrees that Plaintiff's conclusory allegations regarding personal jurisdiction over the corporate defendants (*see* R. Doc. 1, ¶ 9) are not enough, because of the recommendation that the claims be dismissed but leave to amend be given, the undersigned also recommends termination of R. Docs. 15 and 19 (seeking to dismiss for lack of personal jurisdiction) without prejudice to reurging, if necessary.
[27] R. Docs. 12, 18 & 22.
[28] R. Docs. 15 & 19.