UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT H. WILLIAMS                                CIVIL ACTION NO.

VERSUS                                            20-139-SDD-EWD

AMERICAN COMMERICAL LINES, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT H. WILLIAMS                                          CIVIL ACTION NO.

VERSUS                                                              20-139-SDD-EWD

AMERICAN COMMERICAL LINES, INC., ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

As Robert H. Williams ("Plaintiff") has still failed to adequately allege the basis for subject matter jurisdiction, it is recommended that his suit be dismissed with prejudice on the Court's own motion, or, alternatively, that the Motions to Dismiss for Failure to State a Claim or Comply with Rule 8, filed by certain defendants,[1] which are unopposed and appear to have merit, be granted. It is further recommended that, if sought, Plaintiff should not be given further leave to amend as he has already had one opportunity to do so and the record shows that any further amendments would be futile.

**I.   BACKGROUND**

    **A.   Plaintiff's Claims**

This suit involves claims by Plaintiff against fifteen entities and two individuals for alleged racketeering activities.[2] There are citations to various statutes throughout the Amended Complaint,

---

[1] *See* R. Doc. 42 (Motion to Dismiss for Violation of Rule 8 and Pursuant to Rule 12(b)(6)) and R. Doc. 43 (Motion to Re-Urge Motion to Dismiss for Failure of the Complainant to State a Claim on Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) (collectively, the "Motions to Dismiss for Failure to State a Claim or Comply with Rule 8")) *See also* R. Docs. 12, 18, 22. Additionally, other defendants filed motions to dismiss for lack of personal jurisdiction. R. Doc. 40 (Re-Urging of Motion to Dismiss for Lack of Personal Jurisdiction) and R. Doc. 41 (Re-Urging of Motion to Dismiss for Lack of Personal Jurisdiction) (collectively, "Motions to Dismiss for Lack of Personal Jurisdiction"). *See also* R. Docs. 15, 19. The Motions to Dismiss for Failure to State a Claim or Comply with Rule 8 and the Motions to Dismiss for Lack of Personal Jurisdiction are collectively referred to as the "Motions to Dismiss."
[2] Named as defendants are the following: American Commercial Lines, Inc.; Platinum Equity, LLC; Platinum Equity Advisors, LLC; Gordon S. LeBlanc, Jr.; Hermann Moyse, III; ACBL Transportation Services, LLC; ACL Transportation Services, LLC; ACL I Corporation; Commercial Barge Line Company; American Commercial Barge Line, LLC; American Commercial Lines International LLC; ACBL OLDCO, LLC; ACBL River Operations LLC; ACL Professional Services Inc.; Commercial Barge Line Holdings, LLC; American Commercial Barge Line Holding Corp.; and American Commercial Barge Line Company (collectively, "Defendants").

including allegations of violations of Title 18, United States Code §§1962 (a-c) (prohibited activities under Racketeer Influenced Corrupt Organizations ("RICO");[3] 1503(a) (obstruction of justice by influencing or injuring officer or juror);[4] 1513(e) (obstruction of justice by retaliating against a witness, victim or an informant);[5] 1001 (making false statements or entries in a matter within the jurisdiction of the federal government);[6] 1505 (obstruction of proceedings before a department or agency of the United States);[7] 1343 (wire fraud);[8] 1512 (tampering with a witness, victim or informant in an official proceeding).[9] Essentially, Plaintiff alleges that Defendants engaged in a conspiracy that "threatened" and injured Plaintiff's personal and business interests and reputation.[10] While the exact nature of Plaintiff's claims is not clear from the recitations in the Amended Complaint, Exhibit 7 to the Amended Complaint is a Lease Agreement, that states it was entered into on April 1, 2016, between ACBL Transportation Services LLC, as lessee, and many other individuals, including Plaintiff, who is listed as a 1/225ths owner and lessor of property bordering the Mississippi River.[11] Plaintiff asks, in part, that this Court declare the Lease

---

[3] R. Doc. 39, ¶¶ 2, 4, 17, 18.
[4] *Id*. at ¶¶ 13, 16.
[5] *Id*. at ¶¶ 15, 16
[6] *Id* at ¶ 16.
[7] *Id*. at ¶¶ 11, 16
[8] *Id*. at ¶¶ 2, 16
[9] *Id*. at ¶ 16.
[10] *Id*. at ¶¶ 17-18.
[11] R. Doc. 39-1. *See also* R. Doc. 1-2 (Exhibit 7 to Complaint), pp. 8-46. In addition to the Lease Agreement, Plaintiff attached several emails to the original Complaint purportedly between himself and representatives of some Defendants. *Id*. at 1-2, pp. 1-7, 47-69. While "[a] written instrument attached to a pleading as an exhibit is part of the pleading for all purposes" under Fed. R. Civ. P. 10(c), the attached emails do not appear to be written instruments. "A written instrument within the meaning of Rule 10(c) 'is a document evidencing legal rights or duties giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy of security agreement.'" *Rivera v. Robinson*, No. 18-14005, 2019 WL 13265888, at *3-4 (E.D. La. Mar. 22, 2019) (citations omitted). Thus, the emails attached to Plaintiff's Complaint do not form "part of the pleading" and cannot be used by Plaintiff to provide the "short and plain statement" of his claims showing that he is entitled to the relief he requests, as required by Rule 8. Further, neither the Court nor Defendants should be required to sift through the exhibits, which are vaguely referenced in the Complaint, to "decipher the scope of the allegations under each [of Plaintiff's] claims." *See, e.g., U.S. v. Erie County, NY*, 724 F. Supp. 2d 357 (W.D.N.Y 2010) (noting that the attachments to plaintiff's complaint made it "unnecessarily difficult for [d]efendants to decipher the scope of the allegations underlying each claim."); *U.S. ex. rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (noting that Rule 8(a) is violated where a complaint and its attachments are "so long, so disorganized, so laden with cross-references and baffling

2

Agreement to be "bogus, fraudulent, illicit, illegal and void ab initio." Plaintiff does not explain how the Lease Agreement is void (or voidable), other than to say it is "obviously, on its face, clearly incomplete and void and fraudulent, as a matter of law …."[12]

### B. Relevant Procedural History

On March 11, 2020, Plaintiff filed suit against the Defendants, asserting claims identical to those discussed above.[13] Some Defendants filed motions to dismiss for lack of personal jurisdiction, and others filed motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e).[14] On February 29, 2020, Plaintiff filed a combined 4-page, single paragraph "response" to the motions and a "First Supplemental Amendment" to the original Complaint.[15] About two months later, Plaintiff filed his "Second Supplemental Amended Complaint and Also Amended List of Defendants and Also Second Responses and Answers to California and Louisiana Defendants and Also First Responses and Answers to Indiana Defendants."[16]

On July 23, 2020, the undersigned issued a Report and Recommendation ("July 2020 Report"), recommending that Plaintiff's Complaint be dismissed without prejudice on the Court's own motion, or, alternatively, that the original motions to dismiss for failure to state a claim or for

---

acronyms, that they could not alert either the district judge or the defendants to the principal contested matters."); *Hall v. Civil Air Patrol*, 193 Fed.Appx. 298, 299-300 (5th Cir. 2006) (per curiam) (quoting *Garst* for the "aptly stated" proposition that "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation…should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim."). Nonetheless, the undersigned considered all documents attached to Plaintiff's Complaint and Amended Complaint, which do not change the analysis that follows.

[12] R. Doc. 39, ¶ 16, p. 6. The Lease Agreement has a page for execution by Plaintiff but is not signed. R. Doc. 39-1, p. 22.
[13] R. Doc. 1.
[14] *See* R. Docs. 12, 15, 16, 18, 19.
[15] R. Doc. 14.
[16] R. Doc. 20. Although there is no "list" of Defendants contained in this filing, Plaintiff attached summonses to the following parties he apparently wanted to add as defendants: Commercial Barge Line Holdings, LLC; American Commercial Barge Line Company; American Commercial Barge Line Holding Corp. *See* R. Doc. 20-1.

3

a more definite statement, filed by certain Defendants, be granted.[17] The basis for the dismissal recommendation was that Plaintiff had not established the Court's subject matter jurisdiction based on either diversity or federal question. Specifically, the Report explained why the citizenship allegations as to all the corporate and limited liability company defendants were deficient and what information was necessary to correct those deficiencies. It also explained that vague references that Defendants engaged in conduct that amounts to a RICO violation, generic statements that this conduct caused him harm, and a mere recitation of the elements of a RICO violation are not sufficient to state a claim. Further, Plaintiff was advised that he must state specific facts to support the elements of a RICO violation and to explain how Defendants' conduct caused his injuries.[18] Nonetheless, because it was "not possible to tell…if Plaintiff could adequately allege a RICO claim," it was recommended that Plaintiff be given an "opportunity to amend his Complaint to state that claim, if possible."

Plaintiff objected to the Report by filing his "Objections and Motion and Re-Pleading and Supplemental Complaint."[19] Plaintiff's objection did not address any of the issues or deficiencies raised in the Report. Instead, it was filled with the same type of conclusory statements and allegations contained in the Complaint (and Plaintiff's other filings). After considering Plaintiff's objection and the entire record, the Court adopted the Report and dismissed Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.[20] Based on the adoption of the Report, Plaintiff was ordered to file a comprehensive amended complaint that "cures the pleading

---

[17] R. Doc. 26, p. 7. Because of the recommendation that Plaintiff be given leave to amend, it was also recommended that the motions to dismiss for lack of personal jurisdiction (R. Docs. 15, 19) be terminated without prejudice to reurging, if necessary. *Id*. However, Plaintiff was cautioned that his allegations regarding personal jurisdiction over the corporate and limited liability company defendants (*see* R. Doc. 1, ¶ 9) were not sufficient. *Id*. at p. 6, n. 26.
[18] *Id*. at pp. 4-5 and n. 21. Additionally, Plaintiff was advised that to the extent he is making a claim for fraud, such claim must be pleaded with specificity under Fed. R. Civ. P. 9. *Id*. at n. 21.
[19] R. Doc. 34.
[20] R. Doc. 35.

4

deficiencies outlined in the Report."[21]

Plaintiff timely filed the Amended Complaint.[22] In response, the Defendants reurged their Motions to Dismiss.[23]

## II.  LAW AND ANALYSIS

### A. Plaintiff Has Not Established the Jurisdiction of this Court, Nor Has He Complied with Fed. R. Civ. P. 8 or Corrected Any Noted Pleading Deficiencies

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree…It is to be presumed that a cause lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction."[24]

As an initial matter, Plaintiff has again failed to establish this Court's subject matter jurisdiction based on either diversity jurisdiction or federal question. As to diversity jurisdiction, Plaintiff adequately pleads that he is a citizen of Texas[25] and that the individual defendants, Gordon S. LeBlanc, Jr. and Hermann Moyse, III, are citizens of Louisiana.[26] For the corporate defendants, Plaintiff does not adequately allege principal places of business and places of incorporation as to each corporate defendant,[27] nor does he adequately identify, and allege the citizenship of, each member of each limited liability company defendant.[28] Despite being on notice of the requirements to adequately plead the citizenship of the corporate and limited liability company defendants,

---

[21] R. Doc. 37.
[22] R. Doc. 39.
[23] *See* R. Docs. 40, 41, 42, 43.
[24] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike federal courts, state district courts are courts of general jurisdiction and may, therefore, hear all types of claims.
[25] R. Doc. 39, ¶ 5.
[26] R. Doc. 39, ¶ 6.
[27] 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[28] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

Plaintiff made nearly no effort to address these deficiencies, and what little effort was made was nonresponsive to the Report. For example, in his Amended Complaint, Plaintiff states that all "LLC and/or Corporate Defendants are headquartered in either…Indiana or California."[29] Assuming *arguendo* that this satisfies Plaintiff's obligation to state that principal places of business for the corporate defendants, Plaintiff still does not allege the state of incorporation for any corporate defendant. More problematic is Plaintiff's wholesale failure to identify, or provide the citizenship of, the limited liability company defendants' respective members as required by 28 U.S.C. § 1332(a) and (c).

As to federal question, Plaintiff alleges violations of federal criminal statutes and violations of RICO, 18 U.S.C. § 1961, *et seq.* A plaintiff does not generally have a private cause of action under a federal criminal statute.[30] To the extent Plaintiff believes Defendants have committed federal crimes within the Middle District of Louisiana, the United States Attorney for the Middle District of Louisiana is the chief federal law enforcement officer for the district and is responsible for enforcing federal criminal laws. Conversely, there is a private cause of action for a violation of RICO[31] and an adequately stated RICO claim can establish federal question jurisdiction.[32] Here, however, Plaintiff has not adequately alleged a RICO claim.

---

[29] R. Doc. 39, ¶ 7. Notably, Plaintiff removed Delaware from the list of states that all corporate or limited liability company defendants were headquartered in. *See* R. Doc. 1, ¶ 7 (alleging that all corporate and limited liability company defendants are "headquartered in either Indiana or California or Delaware"). However, Plaintiff does not state which defendants are headquartered in which state.

[30] *Gill v. State of Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute….Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous.")(citations omitted).

[31] *United States v. Vasquez*, 899 F.3d 363, 374 (5th Cir. 2018), *as revise*d (Aug. 24, 2018), *cert. denied*, 139 S. Ct. 1543 (2019) ("RICO is a hybrid statute authorizing criminal prosecution, 18 U.S.C. § 1963, civil enforcement, *id.* § 1964(b), and private civil actions, *id.* § 1964(c), for violations of its uniform set of prohibited activities, *id.* § 1962.).

[32] *See, South Technical Diesel, Inc. v. Volvo Group North American, LLC,* No. 5-10-129, 2011 WL 830330, at *2 (S.D. Tex. March 3, 2011) ("Because the petition clearly asserts a claim under RICO, the Court finds that, pursuant to 28 U.S.C. § 1331, Plaintiff's suit falls within this Court's original jurisdiction, and removal of this case is proper under 28 U.S.C. § 1441."); *Inge v. Walker*, 2016 WL 4920288, at * 3 (N.D. Tex. Sept. 15, 2016) ("Plaintiff's RICO claim gives this Court original jurisdiction.").

18 U.S.C. § 1964 provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of" RICO's substantive provisions. § 1962 enumerates substantive violations. To recover under § 1964(c), a plaintiff must prove not only all elements of a substantive RICO violation but also that "he has been injured in his business or property by the conduct constituting the violation," and "must also demonstrate that the substantive violation proximately caused his injury."[33] "A plaintiff must allege specific facts concerning (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[34] The term "racketeering activity" is defined in 18 U.S.C. § 1961(1). In his Amended Complaint, Plaintiff still vaguely references that Defendants engaged in conduct that rises to the level of a substantive RICO violation, and that this conduct caused him injuries.[35] It was explained to Plaintiff that it is not sufficient to simply state the elements of a cause of action.[36] Despite this, Plaintiff's Amended Complaint contain those same vague—and repetitious—references that Defendants engaged in conduct that rises to the level of a substantive RICO violation, and that this unspecified conduct injured Plaintiff's "business or property." Notwithstanding the fact that Plaintiff's Amended Complaint is 17 pages longer than the original Complaint, Plaintiff still has not articulated any

---

[33] *Alexander v. Glob. Tel Link Corp.*, No. 19-60287, 2020 WL 3041323, at *3 (5th Cir. June 5, 2020).
[34] *Robinson v. Standard Mortg. Corp.*, 191 F. Supp. 3d 630, 638 (E.D. La. 2016), *citing Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also Elliott v. Foufa*s, 867 F.2d 877, 880 (5th Cir.1989) (finding that each of RICO's essential elements "is a term of art which carries its own inherent requirements of particularity").)
[35] For example, Plaintiff stated that Defendants have engaged in a pattern of racketeering activity, "including and involving acts of general fraud, mail fraud, wire fraud in violation of title 18 U.S.C. § 1343 and acts of obstruction of justice in violation of Title 18 U.S.C. §§ 1962(a), 1962(b) and 1962(c)." R. Doc. 39, ¶ 2. He says that in furtherance of their conspiracies, "the defendants, acting in concert and with others, against Plaintiff in some ways that were solely designed to cheat, defraud, harass and intimidate Plaintiff, and to protect others from criminal referrals." R. Doc. 39, ¶ 3. And Plaintiff alleges that he was "injured in his business, property and reputation by Defendants' racketeering activity and tortious misconduct." R. Doc. 39, ¶ 3. Plaintiff also alleges Defendants attempted to obstruct justice through threatening letters (R. Doc. 39, ¶13), intimidated and threatened him (R. Doc. 39, ¶14), and circulated a fraudulent document (R. Doc. 39, ¶ 16). Although the violation of some of these statutes could be a basis to establish "racketeering activity" as defined in 18 U.S.C. § 1961, Plaintiff's conclusory allegations that Defendants' violated these statutes without any supporting facts is insufficient to establish a RICO claim.
[36] *See* R. Doc. 26, p. 4 and n. 20, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'").

7

specific facts to support the elements of a RICO violation or to explain how Defendants' conduct caused his injuries.[37]

Relatedly, Plaintiff's Amended Complaint does not comply with Fed. R. Civ. P. 8, which requires a "short and plain statement the claim showing that the pleader is entitled to relief," and Plaintiff's Amended Complaint is anything but.[38] The Amended Complaint is 29 pages—17 pages longer than the original Complaint.[39] Yet, less than 300 words in the Amended Complaint are new and were not previously considered, and found deficient, by the Court.[40] Indeed, comparison of Plaintiff's prior filings and the Amended Complaint shows that the Amended Complaint is nothing more than the pleading equivalent of Dr. Frankenstein's monster, created when Plaintiff rudimentarily stitched together the original Complaint and all his other filings.[41]

---

[37] For example, Plaintiff alleges in conclusory fashion that Defendants collectively violated § 1512 (tampering with a witness, victim, or an informant). R. Doc. 39, ¶ 16 ("Through a pattern of racketeering activity that, inter alia, involved acts of wire fraud…and obstruction of justice in violation of Title 18 U.S.C. §§ 1503, 1512, and 1513…"). To allege a substantive violation under § 1512, Plaintiff must allege that one or more of the Defendants "kill[ed] or attempt[ed] to kill another person with intent to - - (A) prevent the attendance or testimony of any person in an official proceeding; (B) prevent the production of a record, document, or other object, in an official proceeding; or (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings[.]" The Complaint contains no such allegations. To the extent Plaintiff tried to plead the elements of each substantive violation of RICO that he claims Defendants engaged in, these attempts are woefully inadequate under Fed. R. Civ. P. 8 and 10. Further, Plaintiff's Complaint is filled with vague assertions of "fraud." *See, e.g.,* R. Doc. 39, ¶ 4 (requesting that Defendants be dissolved or reorganized to "prevent or restrain Defendants from committing fraud),"  ¶ 16 (explaining that Defendants "created, partially notarized, circulated and supplied a fraudulent document," and explaining Plaintiff's "efforts to reverse and correct Defendants' many frauds."). To the extent Plaintiff is making a claim for fraud, such claim must be plead with specificity under Fed. R. Civ. P. 9. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *City of Alexandria v. Cleco Corp.*, No. 05-1121, 2010 WL 545932, at *2 (W.D. La. Feb. 12, 2020), *citing U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003).
[38] In the Report, the undersigned quoted *Hall*, 193 Fed.Appx. at 299-300 (5th Cir. 2006) (per curiam) for the "aptly stated" proposition that "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." R. Doc. 26, p. 2, n. 8. *See also* n. 12, *supra*.
[39] *Compare* R. Doc. 1 and R. Doc. 39.
[40] *See* Exhibit A, a color comparison of Plaintiff's Amended Complaint (R. Doc. 39) with all his other filings (R. Docs. 1, 14, 20, 34). Some of the 300 "new" words include the addition of adjectives, adverbs, and other descriptors, as well as changing adverbs. *See, e.g.*, R. Doc. 1, ¶ 16, p. 5 ("This bogus and fraudulent document, published and circulated by Defendant's, is obvious*ly*, on its face, *obviously* incomplete and fraudulent…") and *compare with* R. Doc. 39, ¶ 16, p. 6 ("This bogus and fraudulent document, published and circulated by Defendants, is obviously, on its face, *clearly* incomplete and fraudulent…").
[41] *See* Exhibit A. Notably, the text of almost all Plaintiff's other filings appears in Paragraph 16 of the Amended Complaint, which spans 18 pages alone. *See* R. Doc. 39, pp. 5-22. Further, it appears that Plaintiff copied and pasted the original Complaint, added a few words or sentences in certain spaces, spliced the original paragraph 16, then

In a case where a plaintiff has utterly failed to allege facts to support a claim that would give rise to federal jurisdiction, this Court is without jurisdiction to decide the case and must dismiss it.[42] After the Court adopted the Report, Plaintiff was given an opportunity to amend his Complaint to see whether he could adequately allege facts that would support the exercise of subject matter jurisdiction. Plaintiff's Amended Complaint does not. Additionally, as Plaintiff has already had one opportunity to amend his complaint, further leave to amend is not warranted here as the futility of any future amendment is "readily apparent" and the "record reflects ample and obvious grounds for denying leave to amend."[43]

### B. Alternatively, the Motions to Dismiss for Failure to State a Claim or Comply with Rule 8, Which are Unopposed and Appear to Have Merit, Should Be Granted

Additionally, because the pending Motions to Dismiss for Failure to State a Claim or Comply with Rule 8,[44] which Plaintiff has not timely opposed, raise many of the same issues regarding pleading deficiencies addressed in this Report (and other deficiencies)[45] and appear to have merit, granting these motions would be an alternative basis to arrive at the same conclusion.

---

inserted the text of all his prior filings—sometimes twice. *See, e.g.*, ¶ 16, pp. 6-10 and pp. 14-17 (containing the same, partial portions of R. Doc. 14).

[42] *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1005 (5th Cir. 2019), *citing Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 344 (5th Cir. 1977) ("We hold that the district court was without power to entertain this federal question case otherwise within its jurisdiction because the claim asserted is 'so attenuated and unsubstantial as to be absolutely devoid of merit'. *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904). Lacking jurisdiction, the district court should have dismissed the action. Fed.R.Civ.P. 12(h)(3)."). *See also Atakapa Indian de Creole Nation v. Edwards*, 838 Fed.Appx. 124 (5th Cir. 2021) (per curiam).

[43] *Atakapa Indian de Creole Nation*, 838 Fed.Appx at 124-25, *quoting Heinze v. Tesco Corp.*, 971 F.3d 475, 485 (5th Cir. 2020)). Trying to decipher Plaintiff's claims and give him the benefit of liberal construction, it appears that he believes the lease agreement with ACBL Transportation Services, LLC, dated April 1, 2016 (R. Doc. 39-1), is fraudulent because, although Plaintiff is an undivided 1/225th owner of the property, he did not sign the lease, nor was he aware the lease agreement had been signed. Presumably, some or all the Defendants operate on the leased property, which Plaintiff does not believe they have the right to do but Defendants have ignored Plaintiff's entreaties regarding this issue. At bottom, these basic allegations do not approach the conduct necessary to establish a RICO claim.

[44] *See* R. Docs. 42, 43.

[45] *See, e.g.*, R. Doc. 43-1, pp. 3-5 (noting, among other things, (1) that despite being given a "road map on what he needed to do to properly allege a RICO claim," Plaintiff's Amended Complaint is "merely a regurgitating and rejumbling of Williams' previous insufficient allegations"; (2) that Plaintiff has "failed to properly allege any claim within the subject matter jurisdiction of this court either under diversity jurisdiction or under federal question

Local Civil Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion, to wit:

> **LR 7(f) Response and Memorandum.** Each respondent opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the Court may order. Reply memoranda may be filed without leave of court in Rule 12 and Rule 56 motions only. Any such reply memoranda shall be filed within fourteen days after serve of the response to the motion. Leave of court must be obtained to file surreplies in Rule 12 and Rule 56 motions. Leave of court must be obtained to file reply and surreply memoranda in all other motions not listed.

Here, more than twenty-one days have passed since each of the Motions to Dismiss for Failure to State a Claim or Comply with Rule 8 was served.[46] Pursuant to Local Civil Rule 7(f), Plaintiff's responses to these Motions were due by no later than October 5, 2020. Plaintiff has not filed an opposition memorandum to either Motion, nor has he requested an extension of time to do so. Therefore, these Motions are deemed to be unopposed. Further, the Motions to Dismiss for Failure to State a Claim or Comply with Rule 8 have merit for the same reasons explained above.[47]

---

jurisdiction"; and (3) that Plaintiff's Amended Complaint is still an "inappropriate 'shot gun' pleading."). *See also* R. Doc. 18-1, p. 4 (adopted and incorporated by reference in R. Doc. 43-1) ("Significantly, [Plaintiff] makes no specific factual allegation of what any defendant did or did not do to cause them to be named in this RICO lawsuit."). Defendants are correct, as Plaintiff's Amended Complaint remains an improper "shotgun pleading." *See* R. Doc. 26, pp. 5-6, n. 25 (discussing "shotgun" pleadings). Indeed, Plaintiff has made no real effort to address these deficiencies; rather, his Amended Complaint exacerbates them.

[46] The Motion to Dismiss for Violation of Rule 8 and Pursuant to Rule 12(6), filed by Defendants Gordon LeBlanc, Jr. and Hermann Moyse, III, was served on September 14, 2020 through the Court's CM/ECF system and the Certificate of Service states that "a copy of the foregoing pleading was mailed to Plaintiff…via United States Mail, certified return receipt requested," at his address of record on PACER. R. Doc. 42, p. 4. Likewise, Defendant ACBL Transportation Services LLC's Re-Urged Motion to Dismiss for Failure of the Complaint to State a Claim on Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) was served on September 14, 2020 through the Court's CM/ECF system and on Plaintiff by mail. R. Doc. 43, p. 6.

[47] It has already been recommended that the Court *sua sponte* dismiss Plaintiff's claims for lack of subject matter jurisdiction. Were the Court to take the alternate path of granting the pending Motions to Dismiss, dismissal of all claims, including those against non-movants, is still appropriate. While not all Defendants have filed motions to

Plaintiff has not sought any further leave to amend that this time. Should Plaintiff do so, it is recommended that the request be denied, as Plaintiff has already had an opportunity to plead his "best case." Plaintiff has already filed two lengthy complaints and attempted to support his claims in other filings. Additionally, Plaintiff opposed Defendants' first round of motions to dismiss, providing yet another opportunity to further explain his claims. In short, he has had ample opportunity to allege facts establishing a claim for relief, but he has failed to do so. Because further amendment would be futile, it is recommended that Plaintiff's claims be dismissed with prejudice.[48]

## III.  RECOMMENDATION AND ORDER

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE**, for lack of subject matter jurisdiction on the Court's own motion.

**Alternatively, IT IS RECOMMENDED** that the Motions to Dismiss for Failure to State a Claim or Comply with Rule 8,[49] filed by certain defendants, be granted, dismissing Plaintiff's claims against the moving Defendants, and that all Plaintiff's remaining claims against any non-moving Defendants be dismissed on the Court's own motion, so that all claims are **DISMISSED**

---

dismiss, the Court possesses the inherent authority to dismiss a party or expand upon the grounds for dismissal urged by movants if the adverse parties receive notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988), *citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). This Report and Recommendation provides adequate notice to Plaintiff. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). Because all Defendants are similarly situated to the moving Defendants, it would be appropriate to dismiss Plaintiff's claims against even the non-moving Defendants for the same reasons. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (citations omitted).

[48] *See King/Morocco v. Land Rover Sw. Houston*, No. 18-4196, 2018 WL 5995295, at *3 (S.D. Tex. Nov. 15, 2018), *appeal dismissed*, No. 19-20417, 2019 WL 6878533 (5th Cir. July 10, 2019) ("The court denies Simms leave to amend the complaint given that Simms's employment-discrimination claims are time-barred and duplicative, and his international-law claims are meritless and duplicative. Granting leave to amend would be futile. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)" *and Gutierrez v. Drug Enf't Admin.*, No. 18-964, 2018 WL 4471789, at *2 (N.D. Tex. Aug. 24, 2018), *report and recommendation adopted*, No. 18-CV-964, 2018 WL 4467924 (N.D. Tex. Sept. 17, 2018) *citing Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) (while generally "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, ... [g]ranting leave to amend is not required ... if the plaintiff has already pleaded his 'best case.'").).

[49] R. Docs. 42, 43.

**WITH PREJUDICE**.

If sought, **IT IS RECOMMENDED** that any further leave to amend be denied.

**IT IS ORDERED** that any remaining pending motions[50] are **TERMINATED AS MOOT** without prejudice to reurging in the event this Report and Recommendation is not adopted.

Signed in Baton Rouge, Louisiana, on July 29, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[50] R. Docs. 40, 41. While the Motions to Dismiss for Lack of Personal Jurisdiction are unopposed and appear to have merit, because of the recommendation that all Plaintiff's claims in this matter against all Defendants be dismissed with prejudice for lack of subject matter jurisdiction, or, alternatively on the same basis as those Defendants who filed Motions to Dismiss for Failure to State a Claim or Comply with Rule 8, the motions based on lack of personal jurisdiction (R. Docs. 40, 41) will be terminated as moot. In the event Plaintiff's claims against them are not dismissed with prejudice for the reasons set forth above, Defendants may reurge their respective Motions to Dismiss for Lack of Personal Jurisdiction.